# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KERRY B. KOEPKE,

              Plaintiff,

v.

DEAN FINANCIAL GROUP INC.,

              Defendant.

Case No. 18-CV-309-JPS

**ORDER**

       This is an action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Wisconsin Consumer Protection Act ("WCA"), Wis. Stat. § 427 *et seq.*, stemming from Defendant's repeated calls to Plaintiff's cellular phone. (Docket #1). On July 2, 2018, Plaintiff filed a motion to compel discovery responses from Defendant. (Docket #17). Plaintiff states that while Defendant timely responded to various discovery requests, it has not produced any documents, complied with a notice of deposition, or engaged meaningfully in a meet-and-confer process to resolve the discovery issues.

       Defendant's response, submitted on July 23, 2018, is curious. (Docket #18). Defendant does not contest that it has not complied with its discovery obligations. Rather, Defendant complains that Plaintiff has not been reasonable in approaching settlement of this matter, and it moves the Court to compel Plaintiff to engage in mediation. (Docket #19). That is not the issue before the Court, and even if it were, the Court has long held that it is pointless to order a party to mediate against their will. Defendant's motion will, therefore, be denied. Defendant's response also conclusorily states that Plaintiff's discovery requests are not proportional to the needs of this case.

Plaintiff is not without fault here either. Though his motion says that Defendant's discovery responses are "riddled with boilerplate objections," he does not offer meaningful argument as to why the objections are invalid. (Docket #17 at 1). Plaintiff did not submit a reply in support of his motion where such argument may have been found, and the time in which to do so has expired. Civ. L. R. 7(c). Additionally, Defendant represents in footnote in its response that it will produce at least some of the requested documents. (Docket #18 at 3 n.2). Without a reply, the Court does not know whether this production satisfies any portion of Plaintiff's concerns. Finally, Plaintiff requests a sanction of attorney's fees without providing any evidence of what fees were incurred in pursuing his motion.

In light of the issues with both parties' submissions, the Court will deny Plaintiff's motion to compel without prejudice. It nevertheless advises Defendant to immediately engage in the discovery process and comply with any valid discovery requests that remain pending. If Plaintiff is forced to re-file his motion to compel because of Defendant's continued intransigence, the Court will consider imposing sanctions upon Defendant and its counsel. Both parties should redouble their efforts to confer and resolve their discovery issues before filing any further discovery-related motions.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Docket #17) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Defendant's motion for referral of the action to mediation (Docket #19) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge